IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JAVIER HERNANDEZ,<br>    Defendant. | Case No. 1:05-CR-10062-JEH-1 |

**Order**

Now before the Court is the Defendant, Javier Hernandez's, *pro se* motion and counseled amended motion for compassionate release. (D. 188 & 190.)[1] For the reasons stated, *infra*, the motions are denied.

On August 19, 2005, Hernandez was indicted on one count of narcotics distribution, specifically for distributing more than 50 grams of cocaine base (crack) and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On September 9, 2005, Javier Hernandez made his initial appearance and was arraigned before Magistrate Judge John A. Gorman. Hernandez was ordered detained pending trial, and he has been in custody over since.

On August 16, 2006, Hernandez appeared before Judge Joe Billy McDade for a change of plea hearing. He entered a blind plea of guilty to Count 1. The Court accepted the plea and referred the matter to the Probation Office for a Presentence Investigation Report. On January 8, 2007, Hernandez was sentenced to 360 months in the custody of the Bureau of Prisons, followed by 10 years of supervised release.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Hernandez's sentence was later amended to 324 months on August 24, 2015, following a motion to reduce the sentence under a U.S. Sentencing Commission amendment.

Hernandez has filed multiple motions for compassionate release, with the most recent motion filed on February 27, 2025. This motion follows a series of previous filings and court decisions regarding his requests for compassionate release. On March 1, 2023, Hernandez filed his first motion for compassionate release, citing extraordinary family circumstances, including the death of his siblings and the need to care for his ill mother, as well as health concerns related to the COVID-19 pandemic. An amended motion was filed on March 15, 2023, reiterating these grounds and adding that he had served 17 years of his sentence. The government opposed the motion, arguing that Hernandez had not exhausted his administrative remedies and had not established extraordinary and compelling reasons for release.

On April 27, 2023, the Court denied Hernandez's amended motion for compassionate release, finding that he had failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). The court noted that Hernandez had not presented evidence of having exhausted his administrative remedies before filing the motion, which is a mandatory prerequisite.

Hernandez subsequently filed two supplemental motions for compassionate release, asserting that he had now exhausted his administrative remedies. The Court construed these filings as a motion to alter or amend judgment, as they were filed within 28 days of the previous order. However, the Court again denied the motions, reiterating that Hernandez's amended motion was filed before he submitted his administrative request to the warden, thus failing to meet the exhaustion requirement. Despite the procedural deficiencies, the Court proceeded to consider the merits of Hernandez's request for

compassionate release. The Court found that Hernandez's arguments regarding his age, time served, and family circumstances did not constitute extraordinary and compelling reasons for release. The Court also noted that Hernandez had not demonstrated an inability to benefit from the COVID-19 vaccine, further undermining his health-related claims. The Court also briefly analyzed the § 3553(a) factors, concluding that they weighed against granting release. The seriousness of Hernandez's offense, his role as the chief person in a drug distribution network, and the need to provide adequate deterrence and promote respect for the law were cited as reasons for denying the motion. Following the Court's decision, Hernandez filed a notice of appeal. However, the appeal was dismissed by the Seventh Circuit for failure to comply with Circuit Rule 3(c).

In his latest motion for compassionate release, Hernandez argues for compassionate release based on several factors. He contends that under current law, his crime would carry a mandatory minimum sentence of 15 years instead of 20 years, as was the case when he was sentenced, due to changes in the law regarding prior convictions under 21 U.S.C. § 851. Hernandez emphasizes his post-conviction rehabilitation, including maintaining clear conduct for a decade and participating in various rehabilitative programs. He also highlights his family circumstances, noting that most of his immediate family members have passed away, leaving him with only one surviving brother, and he wishes to spend time with his remaining family. Hernandez argues that his age, health conditions, and the impact of the COVID-19 pandemic on his health further justify his release. He asserts that he poses no danger to the community and has a low risk of recidivism, as evidenced by his conduct and efforts towards rehabilitation while incarcerated. Hernandez requests either a reduction to time served or conversion of the remainder of his sentence to home confinement.

The government argues that this Court has previously rejected Hernandez's arguments and should do so again under the law of the case doctrine. The Government also argues that Hernandez has not exhausted his administrative remedies, a mandatory requirement before seeking compassionate release. Moreover, the Government contends that Hernandez has not demonstrated "extraordinary and compelling" reasons for release, as required by the statute. It argues that his sentence was not unusually long, as it was at the low end of the guideline range and was later reduced.  The Government also disputes Hernandez's claims regarding his age and health, stating that he does not meet the criteria for release based on age or serious health deterioration.  Additionally, the Government argues that Hernandez's family circumstances do not meet the criteria for compassionate release, as he is not the only available caregiver for a dependent family member.  The government further asserts that the § 3553(a) factors weigh against release, emphasizing the seriousness of Hernandez's offense as the leader of a drug distribution network and the need for his sentence to reflect the severity of his crimes and deter future criminal conduct.

Assuming Hernandez exhausted his administrative remedies before filing his currently pending motion for compassionate release, the Government is correct that the Court has already previously considered and rejected the arguments he is making for compassionate release.  *See, supra*. As this Court stated in *United States v. DeSilva*, 2025 WL 10477014, *2 (C.D. Ill; April 8, 2025), "'[T]here is a presumption against revisiting previously decided issues; '[u]nder the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation.' " *quoting, SFG v. Musk*, No. 19-cv-02198, 2021 WL 972887, at *1 (N.D. Ill. Feb. 10, 2021), *quoting United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (citations omitted). Hernandez submits no arguments to this Court which it has

4

not already considered and rejected. Consequently, for this reason alone, Hernandez's motion is denied.

For good or for ill, 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 contain no limitations on the number of compassionate release motions a defendant may file. Nor do these provisions erect any procedural hurdles to filing successive motions like 28 U.S.C. § 2255(h) erects for collateral attacks. Consequently, a defendant can file an unlimited number of compassionate release motions so long as he meets exhaustion requirements. Accordingly, the law of the case doctrine supplies the only limiting principle on these successive motions and should be strictly applied to avoid the squandering of judicial resources by requiring consideration of repeated motions raising the same issues on the same facts over and over again.

For the reasons stated, *supra*, Hernandez's, *pro se* motion and counseled amended motion for compassionate release are denied. (D. 188 & 190.) Any future motion for compassionate release filed by Hernandez must state with specificity what *new* facts are presented which would constitute a basis for eligibility for compassionate release pursuant to § 1B1.13. Failure to do so will result in the denial of the motion with citation to this Order.

*It is so ordered.*

Entered on May 12, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE